HYDE (KNEVALS v.). See 6 Fed. 651.

## Case No. 6,972.

### HYDE v. LIVERSE.

[1 Cranch, C. C. 408.] [1]

Circuit Court, District of Columbia. June Term, 1807.

#### TRIAL—CONTINUANCE—INDEBITATUS ASSUMPSIT.

1. The court will not grant a continuance for the defendant on the ground that his receipts are mislaid, unless the affidavit state the amount and date of the receipts, so that the plaintiff may admit or deny them; nor unless it state circumstances by which the court can judge whether reasonable diligence has been used in searching for them.

2. Indebitatus assumpsit will lie for money due upon a special contract executed on the part of the plaintiff.

The affidavit to continue the cause stated that the defendant had receipts for money paid to the plaintiff, which were necessary, material, and competent evidence for his defence; that he has used his reasonable endeavors to procure the same, but finds they have become mislaid; and though he has searched among his papers with diligence, without success, he believes by the next court he will be able to ascertain where they are and to produce them, and that they would considerably reduce the plaintiff's claim.

THE COURT (DUCKETT, Circuit Judge, absent) refused to grant a continuance, because the affidavit did not state the sums of money for which the receipts were given, nor the dates, so that the plaintiff could admit or deny the same; and because the affidavit did not state any circumstances by which the court could judge whether the defendant had used reasonable diligence in searching for the receipts.

This was an action of indebitatus assumpsit for 207 dollars, for 88⅓ cords of wood sold, and delivered. There was another count upon indebitatus assumpsit "for sundry matters properly chargeable in account, as per account filed." The plaintiff's witness proved an agreement, by which the defendant was to cut and take away from certain land of the plaintiff's, all the wood growing thereon, either at the gross sum of eight hundred dollars, or at the rate of three dollars a cord; and if he did not choose to go on and take the whole, he was to pay three dollars and a half a cord for such as he should take. That the defendant was to proceed to cut and take away the wood im-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

mediately, without ceasing. That the defendant had three weeks to make his election to take the whole wood at eight hundred dollars or at the rate of three dollars a cord. That he chose the latter, and paid one hundred dollars when he had taken away thirty-three and one third cords. That he did not proceed to take the whole, but desisted after taking eighty-eight and one third cords.

F. S. Key, for defendant, prayed the court to direct the jury that the plaintiff could not recover upon that evidence in this action, upon this declaration.

But THE COURT refused, on the authority of Aubrey v. Aubrey [Case No. 643], at Alexandria; and said that where the contract of sale has been executed on the part of the plaintiff, and the agreement on the part of the defendant is to pay money, the plaintiff may maintain indebitatus assumpsit. See the cases cited in Talbot v. Selby [Id. 13,729]. Bill of exceptions taken, but no writ of error prosecuted.